IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HOLLY LAKE RANCH ASSOCIATION, INC., | § § § | |
| | § | CIVIL ACTION NO. 6:24-CV-0082-JCB |
| Plaintiff, | § § § | |
| v. | § § | |
| PHILIP J. EMERSON, *et al.*, | § § § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Defendant Philip J. Emerson, Jr. filed a notice of removal purporting to remove Case No. 2020-059, 402nd Judicial District Court, Wood County, Texas, *Holly Lake Ranch Association, Inc. v. Philip J. Emerson, Jr., et al*. For the reasons below, the Court recommends that the matter be **REMANDED**.

### BACKGROUND

Plaintiff Holly Lake Ranch Association, Inc., originally filed this lawsuit in the 402nd Judicial District Court, Wood County, Texas, seeking a foreclosure and order of sale. The petition concerns property located in Wood County, Texas. Defendant Philip J. Emerson filed a notice of removal on March 8, 2024, stating that the original petition was filed in Wood County on January 31, 2020. Emerson attached a copy of a Second Amended Original Petition for Judgment of Foreclosure & Order of Sale that was filed in the Wood County case on July 30, 2020.

In the Notice of Removal, Defendant, proceeding *pro se*, asserts that the case is removed pursuant to 28 US.C. § 1441, 1442, 1443 and 1446. ECF 1. The pleading does not identify a basis for subject matter jurisdiction. Accordingly, the Court entered a Show Cause Order on May 1,

2024, ordering Emerson to show cause why the matter should not be remanded to state court for lack of subject matter jurisdiction. ECF 3. The order was mailed to Emerson by certified and regular mail. The Court's certified mail was returned with a notation, "Return to Sender Unclaimed Unable to Forward." ECF 4.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in a state court is removable to a federal court if the federal court has original jurisdiction. In other words, removal of a state action to federal court is only proper if the action could have been originally filed in federal court. *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct 2425, 2429 (1987). For removal to be proper, jurisdictional facts supporting removal must be present at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Jurisdiction is determined at the time suit is filed. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

The party removing the case to federal court bears a heavy burden. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The removing party must show that federal jurisdiction exists and that removal was proper. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180 (1995). Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). As such, all "doubts regarding whether removal jurisdiction is

proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

Pursuant to § 1331, federal courts have original jurisdiction for civil actions "arising under the Constitution, laws, or treaties of the United States." To establish federal question jurisdiction, a federal question must be presented on the face of the plaintiff's well-pleaded complaint. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The notice of removal filed by Emerson does not identify a federal law under which this action arises and none is apparent from the pleadings. Emerson failed to respond to the show cause order. This lawsuit concerns a foreclosure action pursuant to Texas law, not federal law.

Emerson additionally has not alleged facts to support diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), there is federal jurisdiction if the parties have diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). As the removing party, Emerson bears the burden to plead and prove that Plaintiff and Defendants are completely diverse parties. *Id*.

Here, Emerson has not pled or proven diverse citizenship among the parties. The copy of the petition attached to the notice of removal provides Texas addresses for all parties. Emerson has not met his burden to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further,

pursuant to 28 U.S.C. § 1441(b)(2), removal on the basis of diversity of citizenship is improper if, as here, the defendant resides in the State in which the action is brought.

In sum, the burden is on Emerson as the removing party to establish either federal question jurisdiction or diversity jurisdiction. As a result of Emerson's failure to do so, the Court lacks subject matter jurisdiction and the matter should be remanded.

## RECOMMENDATION

Based on the foregoing, the Court recommends that the matter be **REMANDED** to the 402nd Judicial District Court, Wood County, Texas, Case No. 2020-059.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 30th day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE